**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4154**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICHARD CRAIG MOON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (6:06-cr-00638-GRA-1)

Submitted:  October 23, 2008        Decided:  November 24, 2008

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Craig Moon appeals his conviction and 180-month sentence following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2006). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Moon's sentence is reasonable, but concluding there are no meritorious grounds for appeal. Moon has filed a pro se supplemental brief challenging his armed career criminal designation.[1] We affirm.

This court will affirm a sentence imposed by the district court if it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). The court reviews Moon's sentence under a deferential abuse of discretion standard. See Gall v. United States, 128 S. Ct. 586, 590 (2007).

The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). The court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. We may

---

[1] The Government elected not to file a brief.

presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); Rita v. United States, 127 S. Ct. 2456 (2007) (upholding our presumption of reasonableness).

In imposing the sentence, the district court considered the properly calculated advisory guideline range and the factors under 18 U.S.C. § 3553(a) (2006). Because Moon had three or more prior convictions for a "violent felony" and/or "serious drug offense" committed on occasions different from one another, he was an armed career criminal subject to a mandatory minimum sentence of 180 months' imprisonment under § 924(e) and U.S. Sentencing Guidelines Manual ("USSG") § 4B1.4 (2006).[2] We conclude that the 180-month sentence imposed by the district court was reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Moon's conviction and sentence. This court requires that counsel inform Moon, in writing, of his right to petition the Supreme Court of the United States for further review. If Moon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

---

[2] We have considered Moon's pro se challenge to the armed career criminal designation and find that his unsupported and conclusory allegations fail to establish the invalidity of his prior convictions. See United States v. Jones, 977 F.2d 105, 109 (4th Cir. 1992).

3

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED